## WYSONG et v HORNEY et

Ohio Appeals, 2nd Dist, Greene Co

No 364.   Decided Nov 18, 1931

D. H. Wysong, Dayton, for plaintiffs in error.

Marshall & Marshall, Xenia, for defendants in error.

HORNBECK, J.

The bill of exceptions which comes to our attention is meager, although it carries a certificate that it contains all of the evidence.   There are but twenty six pages of testimony beginning with witnesses for the defendants and repeatedly reference is made to subject matter admitted to have been theretofore stated in the record, but no such evidence is to be found.

The journal entry in the case, by interlineation, discloses that a jury trial was denied to defendants.   It also appears that no money judgment was rendered against defendants but there was a finding that the office which had been removed by the defendants should by them be returned and restored to its former location on the real estate described in the petition.

If the record supported the claim of defendants as made in their brief, viz: that

at the beginning of the trial a jury trial was demanded on the issue drawn on the first cause of action of the petition, the answer and reply, and denied by the trial court, we would have a different question. The record at no place shows a prompt demand for a jury trial. This is necessary. It is not sufficient to merely include in a general way in the final judgment entry that a jury was denied. The decisions require prompt and timely action in demanding a jury when a party is entitled thereto. In this case, clearly one branch, viz: the issue made on the second cause of action of the petition, answer and reply, was on the equity side of the court. This situation, therefore, required a demand for a jury at the beginning of the trial, if desired. The record shows no such action.

Coming to the weight of the testimony, we are unable to find any evidence in the record sufficiently definite to support the claim of the defendants that at the time of the public sale, the Sheriff and Mr. Marshall announced, and the defendants sanctioned and approved the sale of the buildings as a part of the plant.

The subject is touched in a few questions and answers only. Direct testimony of John Wysong, page 11:

"Q. Did you have a conversation with Mr. Horney, not including the Sheriff or Mr. Marshall, just with Mr. Horney, on the day it was sold?

"A. Nothing in regard to the plant, only when he said to me that he was going to sell all of it. He hadn't advertised all of it.

"Q. You have testified to that. The Court has that."

There are several other questions and answers along the same line but not more definite. It will be noted that there is no specific mention of the buildings in controversy. At page 13, there is a volunteer statement that "He (Mr. Horney) sold the buildings." "They were pointed out." An answer disconnnected and unrelated to any definite evidence respecting the subject matter in controversy. At page 20 in the testimony of Wm. I. Lyman, the following appears:

#### Direct Examination
"Q. Did you ever have a talk with Mr. Horney about this building, about this plant, at the time of the sale or before or after?

"A. We talked about the plant several times. At the time of the sale, Mr. Horney O.K'd everything the Sheriff said—walked around with him."

Mr. Marshall: I object to his saying, "Mr. Horney O.K'd everything."

Court: "Sustained".

Exceptions defendants.

By the court's ruling, that part of the testimony relating to the approval by Mr. Horney of the statements of the Sheriff at the sale is out of the record. But if it be left, there is nothing to be found establishing what the Sheriff represented on the day of sale.

On the question whether or not the buildings were permanent or trade fixtures the evidence is in sharp and direct conflict. We can not say that the court erred in resolving this controverted claim in favor of the plaintiffs.

As the record is presented to us we find no error intervening to the manifest prejudice of plaintiffs in error. The judgment of the trial court will therefore be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.